## Ex parte Barry.

The original jurisdiction of this court does not extend to the case of a petition by a private individual, for a *habeas corpus* to bring up the body of his infant daughter, alleged to be unlawfully detained from him.

Mr. Justice STORY delivered the opinion of the court.

This is a petition filed in this court for a writ of *habeas corpus* to be awarded to bring up the body of the infant daughter of the petitioner, alleged to be now unlawfully debarred from him, and in the custody of Mrs. Mary Mercein, the grandmother of the said child, in the district of New York. The petitioner is a subject of the queen of Great Britain; and the application in effect seeks the exercise of original jurisdiction in the matter upon which it is founded. No application has been made to the Circuit Court of the United States for the district of New York, for relief in the premises, either by a writ of *habeas corpus* or *de homine replegiando*, or otherwise; and, of course, no case is presented for the exercise of the appellate jurisdiction of this court by any review of the final decision and award of the Circuit Court upon any such proceedings. Nor is any case presented for the exercise of the appellate jurisdiction of this court upon a writ of error to the decision of the highest court of law and equity in the state of New York, upon the ground of any question arising under the 25th section of the Judiciary act of 1789, ch. 20.

The case, then, is one avowedly and nakedly for the exercise of original jurisdiction by this court. Now the Constitution of the United States has not confided any original jurisdiction to this court, except " in all cases affecting ambassadors, other public ministers, and consuls, and those in which a state shall be a party." The present case falls not within either predicament. It is the case of a private individual who is an alien seeking redress for a supposed wrong done him by another private individual, who is a citizen of New York. It is plain, therefore, that this court has no original jurisdiction to entertain the present petition; and we cannot issue any writ of *habeas corpus*, except when it is necessary for the exercise of the jurisdiction, original or appellate, given to it by the Constitution or laws of the United States. Without, therefore, entering into the merits of the present application, we are compelled, by our duty, to dismiss the petition, leaving the petitioner to seek redress

in such other tribunal of the United States as may be entitled to grant it. If the petitioner has any title to redress in those tribunals, the vacancy in the office of the judge of this court assigned to that circuit and district creates no legal obstruction to the pursuit thereof.